# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

### Civil Case Number

$$04 - 1114 - C \, V - W \quad - GAF$$

**Filed December 7, 2004**

Stewart A. Webb,
816 478-3267
Mail C/O
4109 S. River
Independence, Missouri 64055
E-Mail: stewwebb@sierranv.net
http://www.stewwebb.com

**COMPLAINT**

**JURY TRIAL DEMAND**

### Plaintiff,

**Vs.**

Kansas City Missouri Police Department
1125 Locust, Kansas City, Missouri 64106
Acting in official capacity.
Kansas City Missouri Police Department
1125 Locust, Kansas City, Missouri 64106
Acting in personal-individual capacity.

Board of Police Commissioners for Kansas City, Missouri
1125 Locust, Kansas City, Missouri 64106
Acting in official capacity
Board of Police Commissioners for Kansas City, Missouri
1125 Locust, Kansas City, Missouri 64106
Acting in personal-individual capacity

Kansas City Missouri Police Officer L. Taylor Serial No: 3524 Unit SPD
(Taylor), acting in official capacity.

1

Case 4:04-cv-01114-GAF   Document 1   Filed 12/07/04   Page 1 of 42

Kansas City Missouri Police Officer L. Taylor Serial No: 3524 Unit SPD (Taylor), acting in personal-individual capacity.

Kansas City Missouri Police Officer R. Stewart Serial No: 2795 Unit AIS (Stewart) acting in official capacity.
Kansas City Missouri Police Officer R. Stewart Serial No: 2795 Unit AIS (Stewart) acting in personal-individual capacity.

Kansas City Missouri Police Department Jailers unnamed
1125 Locust, Kansas City, Missouri 64106
Acting in official capacity.
Kansas City Missouri Police Department Jailers unnamed
1125 Locust, Kansas City, Missouri 64106
Acting in personal-individual capacity.

Judge Roach 1101 Locust Court Room H, Kansas City, Missouri 64106
(Roach) acting in official capacity.
Judge Roach 1101 Locust Court Room H, Kansas City, Missouri 64106
(Roach) acting in personal-individual capacity.

Kansas City, Missouri Municipal Prosecutors unnamed
1101 Locust, Kansas City, Missouri 64106,
Acting in official capacity.
Kansas City, Missouri Municipal Prosecutors unnamed
1101 Locust, Kansas City, Missouri 64106,
Acting in personal-individual capacity.

United States Public Defenders Office
Assistant Public Defender Charles Szekely Denver, Colorado
633 17th Street Suite 1,000 Denver, Colorado 80202
Acting in official capacity.
United States Public Defenders Office
Assistant Public Defender Charles Szekely Denver, Colorado
633 17th Street Suite 1,000 Denver, Colorado 80202
Acting in personal-individual capacity.

THE FOLLOWING UNNAMED
1-1000 Doe's as Defendant's /CO-conspirators,
Acting in official capacity.

THE FOLLOWING UNNAMED
1-1000 Doe's as Defendant's /CO-conspirators,
Acting in personal-individual capacity.

**Defendants,**

**NOW COMES** the Plaintiff, Stewart A. Webb Pro Se, (Stew Webb herein) and herein, upon information and belief and established facts, and for his causes of action against all named and unnamed Defendants alleges and states the following:

## I.
## JURISDICTION AND VENUE

1. Plaintiff's federal claim arises pursuant to 42 U.S.C. 1983; jurisdiction properly lies in this Court pursuant to 28 U.S.C. 1331 (Federal question), and Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. 1367 to hear Plaintiff's pendent state tort claims; venue properly lies in the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI of the State of Missouri pursuant to 42 U.S.C. 1391 (b) and (2) in that Defendants reside in Jackson County, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Jackson County, Missouri.

Additional jurisdictional and venue claims merit this Complaint to be afforded judicial review on behalf of Plaintiff.

Jurisdiction is further invoked pursuant to and is based upon:

28 U.S.C. 1331, in that it is a civil action arising under the laws of the United States, and the First, Fifth, Seventh, Ninth, Tenth, Amendments to the *Constitution of the United States*, (federal question);

28 U.S.C. § 1346, United States as a Defendant (Public Defender);

28 U.S.C. § 1361, An action to compel an officer of the United States to perform his duty;

28 U.S.C. § 1366, Construction of reference to laws of the United States or Acts of Congress;

28 U.S.C. § 1349, Corporation organized under federal law as party;

32 U.S.C. § 102(3), Federally recognized agencies as all Defendants, named and unnamed are all employees, former employees, agents or consultants of the United States Federal Government;

28 U.S.C. § 1343 (a)(2)(3), Civil rights and elective franchise and 42 U.S.C. §§ 1983, 1985 and 1986, in conspiracy and or failure to act and prevent

criminal violations of civil rights;
and Titles 28 U.S.C. 2671.
Jurisdiction is further invoked pursuant to Title 28 USC Section 1331 and
(Bivens v. Six Unknown Agents 403 U.S. 383, 91 S. Ct. 1999 (1971)
because the defendants were acting under color of Federal Law.
28 U.S.C. § 1332(a)(1), in that there is complete diversity of citizenship and
the amount in controversy exceeds the sum of $75,000.00, exclusive of
interest and costs;
18 U.S.C. §§ 1961(1) (A), (1)and (1) (D); and 1964(a)(c), Racketeer
Influenced and Corrupt Organizations Act (RICO Act) civil remedies and
Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971),
compensation for victims of "constitutional torts" by federal actors; and
28 U.S.C. § 2201, declaratory and injunctive relief as deemed necessary.
Venue is proper in this Court pursuant to 18 U.S.C. Section 1965 (a)
because Defendants reside, are found, operate under color of authority or
office, have agents, or connected with or related to the aforesaid and
transact affairs in this district.
Venue is also proper in this Court pursuant to 18 U.S.C. Section 1965 (b)
because, to the extent any Defendant may reside outside this district, the
ends of justice require such Defendant(s) to be brought before the Court.
Venue properly lies in this Court pursuant to 28 U.S.C. Section 1391 (b) (2)
or, alternatively, pursuant to 28 U.S.C. Section 1391 (a) (2).
Further, certain of the conspiratorial acts alleged herein took place and
continue to take place within this judicial district.
Any and all Defendants, named and unnamed who are employed with, were
employed with, contracted with and connected to Defendant USA, can be
compelled through order and/or subpoena power of this federal court to be
subjected to discovery or otherwise appear before the court under federal
law, or the Code of Federal Regulations or other process to establish venue
in this Honorable Court. And the ends of justice require this matter to be
heard in this District.
Venue properly lies in this Court pursuant to 28 U.S.C. Section 1361 gives
Citizen the right to obtain a Judicial Order addressing misconduct.
Venue properly lies in this Court pursuant to 49 U.S.C. Section 1487 Writ
of Injunction.
Venue properly lies in this Court pursuant 18 U.S.C. 4 Federal Reporting
Crimes Act.
Venue properly lies in this Court pursuant to Due Process of Law,
Obstruction of Justice, Malicious Prosecution, Bad Faith Prosecution,

selective prosecution is occurring.

Charges were dropped by Kansas City, Missouri, after being contacted by Federal Assistant Public Defender Charles Szekley while the Plaintiff was held as a Political Prisoner in 1992-1993. Otherwise the Plaintiff would not have been released by Federal Detention as stated by Charles Szekley.
(See: Exhibit # 2 Case # CR92-356 Dismissed with Prejudice Aug. 20, 1993)
(See: Exhibit # 3 S&L Whistle-blower faces federal charges Sept. 1992 Houston Chronicle Newspaper)

## II.
## PARTIES

2. Plaintiff, Stewart Anthony Webb was at all times relevant to this Complaint a resident of Jackson County, Missouri. Except while being held illegally in Federal Detention.
(See: Exhibit # 2 Case # CR92-356 Dismissed with Prejudice Aug. 20, 1993)
(See: Exhibit # 3 S&L Whistle-blower faces federal charges Sept. 1992 Houston Chronicle Newspaper)
(See: Exhibit #4 U.S. Department of Justice psychological evaluation May 6, 1993)

3. Defendant, Kansas City Missouri Police Department, is and was at all times relevant to this Complaint, a political subdivision of the State of Missouri which derives its revenue from an apportionment of taxes from Jackson County and the City of Kansas City, located in and with none-exclusive police jurisdiction within Jackson County, Missouri. 1125 Locust, Kansas City, Missouri 64106

4. Board of Police Commissioners for Kansas City, Missouri is and was at all times relevant to this Complaint, a police officer employed by Kansas City, Missouri Police Department working within the course of his employment with Kansas City, Missouri Police. 1125 Locust, Kansas City, Missouri 64106

5. Defendant, Officer L. Taylor Serial No: 3524 Unit SPD (Taylor), is and was at all times relevant to this Complaint, a police officer employed by Kansas City, Missouri Police Department working within the course of his

employment with Kansas City, Missouri Police. 1125 Locust, Kansas City, Missouri 64106

6. Defendant, Officer R. Stewart Serial No: 2795 Unit AIS is and was at all times relevant to this Complaint, a police officer employed by Kansas City, Missouri Police Department working within the course of his employment with Kansas City, Missouri Police. 1125 Locust, Kansas City, Missouri 64106

7. Defendants, Kansas City Missouri Police Department Jailers unnamed is and was at all times relevant to this Complaint, a police officer employed by Kansas City, Missouri Police Department working within the course of his employment with Kansas City, Missouri Police. 1125 Locust, Kansas City, Missouri 64106

8. Defendant, Judge Roach 1101 Locust Court Room H, Kansas City, Missouri 64106 is and was at all times relevant to this Complaint, a Municipal Judge employed by and in The Circuit Court Of Missouri Kansas City Municipal Division, 1101 Locust Court H, Kansas City, Missouri 64106.

9. Kansas City, Missouri Municipal Prosecutors unnamed is and was at all times relevant to this Complaint, a Municipal Prosecutor's employed by and in The Circuit Court Of Missouri Kansas City Municipal Division, 1101 Locust Court H, Kansas City, Missouri 64106, and Kansas City, Missouri.

10. United States Public Defenders Office
Assistant Public Defender Charles Szekely Denver, Colorado
is and was at all times relevant to this Complaint, an Assistant Public Defender with the U.S. Public Defenders Office, 633 17th Street Suite 1,000 Denver, Colorado 80202.
See: Exhibit # 2 Case # CR92-356 Dismissed with Prejudice Aug. 20, 1993)
(See: Exhibit # 3 S&L Whistle-blower faces federal charges Sept. 1992
Houston Chronicle Newspaper)

### III.
### FACTS

11. That the Plaintiff Stewart A. Webb is a Nationally known Federal Whistleblower/Informant. (See Exhibit #3 Saving & Loan-HUD Whistleblower)

See: Exhibit # 2 Case # CR92-356 Dismissed with Prejudice Aug. 20, 1993) That the Plaintiff Stewart Webb has exposed Corruption relating to "The Bush Crime Family" and the Denver Connections. Leonard Y. Millman who operated the Denver Connections as an Ongoing Continuous Criminal Enterprise under Federal & State "RICO" Laws and Statues, and was Plaintiff Stewart A. Webb's former father in law. Leonard Millman has been implicated and exposed by Plaintiff Stewart Webb in illegal activities since first reporting to the FBI on June 6, 1986.

(See: Exhibit # 5 page 1 of 1 FBI Report KC 183-0 was/bjm June 2, 1986) (Many of Leonard Millman's associate and partners have been Indicted, Convicted and Sentenced to Federal Prisons)

After reporting to Kansas City, Missouri FBI Plaintiff Stewart Webb experienced a continuous pattern of False arrests by area Police Departments Know as Red Squad Unites.

These Red Squad Units some operate out of local Police Departments Intelligence Units, which are operating Illegal under color of law, and are part of a Illegal Shadow Government within Government.

Kansas City, Missouri Police, has arrested Plaintiff Stewart Webb on numerous occasions of false traffic ticket violations, which have all either been dismissed or Nollis Pro, Charges dropped by the Kansas City, Missouri Prosecutors Office. From 1986-1991.

(See: Exhibit #6 Letter Nov. 18 1987 by Attorney Benny Harding to Kansas City, Missouri Police)

(See: Exhibit #7 Letter Nov. 19, 1987 by Kansas City, Missouri Police Department to Attorney Benny Harding)

Some Falsified NCIC Records by Kansas City, Missouri

(See: Exhibit # 8 page 1 of 1 State of Missouri Highway Patrol Print out, note CAUTION ! CAUTION ! CAUTION ! Dated 08-09-88)

(See: Exhibit # 9 pages 1-12 NCIC Open and Closed records reported by Kansas City Missouri Police and other departments.)

This is evidence in the falsified NCIC Computer records and Kansas City Missouri Police Open and Closed records on Plaintiff Stewart A. Webb.

All these illegal arrest were ordered by CIA Leonard Y. Millman using Governmental Personnel for illegal acts and retaliation against Plaintiff Stewart A. Webb for exposing the criminal acts of Leonard Y. Millman and

his criminal associates, in violations of 18 U.S.C. 1010-1015, Retaliation against informants and witnesses.

Plaintiff Stewart Webb had provided evidence to the FBI, the Congress, the Senate, Inspector General of various agencies including HUD, which has lead to convictions of various Criminal Elements within Government and part of Leonard Millman's Crime syndicate, aka The Bush Crime Family Denver Connection between 1986-1991, when Plaintiff Stewart Webb was being falsely arrested by Kansas City Missouri Police.

(See: Exhibit # 10 page 1 of 1 From Congress of the United States to Plaintiff Stewart Webb regarding HUD Hearings 8 September 1989 signed by Lisa Phillips)

(See: Exhibit #11 page 1 of 1 IRS Criminal Investigative Information Item on Leonard Millman Sept 1990)

(See: Exhibit #12 page 1 of 1 IRS Criminal Investigative Information Item on Leonard Millman's MDC Holdings, Inc the Illegal CIA Bank Sept 1990)

(See: Exhibit #13 page 1 of 1 IRS Criminal Investigative Information Item on Leonard Millman's Partner in Crime Denver U.S. Attorney Mike Norton Sept 1990)

(See: Exhibit #14 1 page 1 of 1 IRS Criminal Investigative Information Item on Leonard Millman's Partner in Crime Assistant U. S. Attorney Robert Graf Denver #14 Sept 1990)

Plaintiff Stewart A Webb has testified in a Grand Jury Room before a Federal Judge in April 1995, and the Judge Brenner of Wyoming recommended a Major Federal Investigation of Leonard Millman and his criminal associates. Shortly thereafter Plaintiff Stewart Webb was nearly killed and Lt. Commander Ret. Office of Naval Intelligence the Iran Contra Whistleblower (who helped indict Iran Contra Col. Oliver North, Secretary of Defense Casper Wineburger and other working with independent prosecutor Lawrence Walsh) Martin was and is a witnesses of Plaintiff Stewart Webb. Martin was illegally arrested and held under false charges and a fictions name they gave him to hide Al Martin from the Media. Al Martin worked with Leonard Millman and Millman's Denver Connection from 1981-1986.

Martin was a partner in Iran Contra Activities with Leonard Millman's Partners in Denver, Neil Bush, Gov. Jeb Bush of Florida, George W. Bush now Non elected White House Occupant, George H. W. Bush and others. Millman who deceased in Nov. 2003 and his death reported in Feb. 2004, was involved in Iran/Contra, Narcotics Importation, Narcotics Money Laundering, Real Estate Loan Frauds, Government Contract Frauds,

Securities Frauds, Oil and Gas Frauds, Denver International Airport Frauds, HUD Frauds, Saving and Loan frauds, Pension Funds Frauds, the Financing of Alqueda-9-11 Terrorists and many other frauds. Blackmail of Public Officials, and Bribes of Public Officials, FBI agents, Judges, Prosecutors, and others within County State and Federal Government. Leonard Millman paid a personal and corporate fine of nearly $100 million dollars in 1998 and never went to jail. The fine was relating to some pay offs and bribes of Governmental Officials and other frauds. Leonard Millman owned Silverado Savings and Loan of Denver Colorado Neil Bush Director the "CIA Illegal Narcotics Bank".

(See: Exhibit #15 page 1 of 1 Letter to Congressman Dan Burton Nov. 30, 1999.)

(See: Exhibit # 16 pages 1-8 1995 Federal Grand Jury Demand case number 95-Y-107 filed Feb 27, 1995 Denver, Colorado by Stewart A. Webb)

(See: Exhibit #17 pages 1-19 Grand Jury Motion to reopen case #95-Y-107 Dated July 2003 and re-filed Aug. 2004 by Stewart Webb)

Plaintiff Stewart A. Webb will show that since August 1984 a **continuous activity of RACKETEERING against the Plaintiff,** using Government Personnel and civilians to silence the Plaintiff from exposing the Criminal activity of Leonard Millman has been conducted (and continues) so as to deprive Plaintiffs of their Family Rights inherent in the Laws of the Land, and as protected by the Ninth Amendment to the Constitution for the united States of America.

**Additional Attachments for this Claim as submitted evidence:**
**STALKING AND HARASSMENT OF PLAINTIFF STEWART WEBB**
(See: Exhibit # 18 pages 1-6 Indep. Missouri Police Reports #90-14500 June 29, 1990 Indep. Police catch Orion Investigations of Overland Park, Kansas Private Detectives Rodger Kelty and ex-FBI agent Charles P. Stevens spying on Plaintiff Stewart Webb. Further BBs shot at Plaintiffs vehicle in additional report.)

(Exhibit # 19 Omitted)

**DEATH THREATS AGAINST PLAINTIFF STEWART WEBB**
(See: Exhibit # 20 PAGES 1-10 CASE # 84-11745-Z Dallas, TX., Divorce Court Kerre (Millman) Webb, Stewart Webb, Amanda Webb Oral Deposition

Death Threats by Leonard Millman against Stewart Webb 1985)

(See: Exhibit # 21 Death threat against Stewart Webb while held in Federal Detention illegally in 1993. The Threat came from a Leonard Millman Goon.)

(See: Exhibit #22 page 1 of 1 Stewart Webb's Vehicle nearly destroyed after 2 tires were blow out on I 435 crossing the Missouri River. This same spot one year later an IRS Whistleblower had the exact same occurrence happen.)

(See: Exhibit #23 page 1 of 1 Dec. 17, 1987 Independence, Missouri Police Report # 87-28349 Death Threat By Leonard Millman against Stewart Webb)

**GRAND JURY PETITION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION DATED July 7, 2004.**

(See: Exhibit #23 pages 1-7 Case # 95-Y-107 July 7, 2004 against Kansas City, Missouri Police Department, Kansas City Municipal Judge Roach, George W. Bush, and others named. **Note: Stewart Webb Key witnesses Tom Heneghan and former Vice President Albert Gore Jr.)**

(See: Exhibit #24 pages 1-2 July John Ashcroft US Attorney General violates July 7, 2004 restraining order and using Justice Department to steal Stewart Webb's e-mails)

(See: Exhibit #1 pages1-14 Affidavit in Support of Motion for Restraining Order and Permanent Injunction File Faxed July 28, 2004 case #95-Y-107 Grand Jury Demand by Stewart Webb)

**ADDITIONAL INFORMATION WRITTEN ABOUT STEWART A. WEBB FEDERAL WHISTLEBLOWER/INFORMANT-Plaintiff**

(See: Exhibit #25 pages 1-4 Who is Stew Webb Federal Whistleblower/Informant)

(See: Exhibit #26 page 1 of 1 December 2004 Books Stew Webb contributed to)

(See: Exhibit # 3 S&L Whistle-blower faces federal charges Sept. 1992 Houston Chronicle Newspaper)

(See: Exhibit # 27 page 1 of 1 Sept 21, 1992 Letter to Public Defender from Radio Talk Show Host Tom Valentine)

(See: Exhibit #28 Page 1 of 1 Pitch Magazine Jan 15-21, 1992 Looking in all the wrong places by Chuck Saults)

(See: Exhibit # 29 Pages 1-4 December 24, 1991 White House Reporter Sarah McClendon's Washington Report)

(See: Exhibit #30 Pages 1-2 June 11, 1992 KABC Radio David Viscott and the Fugitive from the FBI Stew Webb)

(See: Exhibit # 31 Page 1 of 1 Montgomery County, PA. The Observer Oct. 20, 1993 Exposing Government Corruption)

(See: Exhibit #32 page 1 of 1 Colorado Daily Newspaper, Boulder, Colorado April 7-9 1995 Conspiracy theorist: Is he a crackpot or well

connected?)
(See: Exhibit #33 pages 1-3 12-27-91 FBI hunts for fugitive at writer's home
with 2 page response by writer Margie Sloan about FBI.)
(See: Exhibit #34 Pages 1-8 Inside the Bush Crime Family Part 1 December 1999 Media By Pass Magazine)
(See: Exhibit #35 Pages 1-16 Inside the Bush Crime Family Part 2 The Control Files: Blackmail of Congressmen and Senators May 2004 Media By Pass Magazine)
(See: Exhibit # 36 pages 1-3 Time Magazine August 13, 1990 Rush for Gold: How Silverado Operated. Stew Webb Contributor)
(See: Exhibit #37 pages 1-11 Time Magazine October 1, 1990 Running with a Bad Crowd How Neil Bush let himself get caught up in the $1 Billion Silverado debacle. Stew Webb Contributor)
(See: Exhibit #38 page 1 of 1 Time Magazine check payable to Stew Webb Time Magazine Correspondent Jonathan Beaty check payable to Stew Webb for expenses relating to Aug. 1990 & Oct 1990 articles)
**STEWART WEBB PLAINTIFFS CURRENT ARTICLE**
(See: Exhibit #39 pages 1-8 November 2, 2004 www.stewwebb.com George W. Bush, the American People want the $300 Million you stole from HUD? by Stew Webb)

12. On May 15, 1991 Plaintiff Stewart A. Webb was illegally detained by Kansas City Missouri Police Officer R. Stewart Serial No. 2795 Unit AIS resulting in three traffic violations charged against Plaintiff Stewart A. Webb:
# 06515416 Dated May 15, 1991
# 06515415 Dated May 15, 1991
# 06515414 Dated May 15, 1991
(See: Exhibit #42 page 1 of 1 three traffic violations Dated May 15, 1991)
(See: Exhibit #40 pages 1-9 Motion for return of Bonds to Plaintiffs Bondsman Dated September 7, 2004)
Although Plaintiff Stewart A. Webb was not intoxicated and broke no traffic laws, Officer R. Stewart arrested and charged Plaintiff Stewart A. Webb, resulting in illegal kidnapping, detention, false arrest, and imprisonment of Plaintiff and illegally impounding Plaintiffs vehicle.
That Plaintiff Stewart A. Webb had to post Bonds using a local Bonding Company, that Bond $2,500.00 has been stole by Kansas City, Missouri Municipal Courts and never returned to Bondsman.

13. As evidence in May 15, 1991 Police report filed by Officer R. Stewart it states Had rapid and profound mood swings, went from begging, to bragging that he was responsible for "Neil Bush's going to jail. Stated that his ex-wife was having an affair with Neil Bush, also stated that he was giving the FBI a lot of information about spies in the Kansas City area. The above statements by Officer R. Stewart were all conjured, lies that the Plaintiff never stated. This is a clear demonstration that Kansas City, Police were apprised of the Plaintiffs reporting of Leonard Millman to various Federal Agencies of Millman's illegal activities. The Plaintiff never came Public until September 19, 1991. This report was dated May 15, 1991. (See: Exhibit #43 page 1-3 Police reports filed by Kansas City Police Office R. Stewart May 15, 1991)

14. On August 2, 1991 Plaintiff Stewart A. Webb was illegally detained by Kansas City Missouri Police Officer L. Taylor Serial No: 3524 Unit SPD resulting in illegal kidnapping, detention, false arrest, and imprisonment of Plaintiff and illegally impounding Plaintiffs vehicle.
That Plaintiff Stewart A. Webb had to post Bonds using a local Bonding Company, that Bond $2,500.00 has been stole by Kansas City, Missouri Municipal Courts and never returned to Bondsman.
Resulting in three traffic violations charged against Plaintiff Stewart A. Webb:
# 06548320 Dated August 2, 1991 No court Date set Bond re-Posted March 15, 2004. Court date to be May 24, 2004.
# 06548781 Dated August 2, 1991 Dismissed May 24, 2004
# 06548782 Dated August 2, 1991 Dismissed May 24, 2004
(See: Exhibit #41 three Traffic violations dated August 2, 1991)
(See: Exhibit 40 pages 1-9 Motion for return of Bonds to Plaintiffs Bondsman Dated September 7, 2004)

15. On May 24, 2004 Kansas City Municipal Judge Reed Court D dismissed two traffic tickets against Plaintiff Stewart Webb.
# 06548320 Dated August 2, 1991
# 06548781 Dated August 2, 1991
**The Honorable Judge Reed stated he did not have the 3rd ticket**
# 06548320 Dated August 2, 1991 No court Date set. Bond Posted on March 15, 2004.
(See: Exhibit #41 three Traffic violations dated August 2, 1991)

16. Emergency Motion for Recusal of Judge Roach Court H Filed
September 7, 2004. To date No Recusal has been made and a hearing is set
for December 8, 2004 at 10:00am.
(See: Exhibit #44 pages 1-16 Emergency Motion for Recusal of Judge
Roach Court H Dated September 7, 2004)
**Exhibit #44 Serves as an Affidavit of Plaintiff Stewart A. Webb,
showing Obstruction of Justice by Judge Roach**
17. The Plaintiff Stewart A. Webb reposted bonds 2 times in 2004
on the above charges that the Plaintiff had not even gone to court hearing.
Judge Roach ordered the Second re-posting and illegal arrest on May 12,
2004 in his courtroom.
(See: Exhibit #45 pages 1-2 Bonds posted March 15, 2004)
(See: Exhibit #46 page 1 of 1 Bonds that had to be reposted Obstruction of
Justice By Judge Roach Court H on May 12, 2004, Court was set for May
24, 2004 on these 2 charges before Judge Reed. See Affidavit for
Restraining Order and Permanent Injunction)

18. Motion for Dismissal with prejudice filed September 7, 2004 of the
remaining 4 traffic tickets.
# 06548320 Dated August 2, 1991 No court Date set. Bond Posted on
# 06515416 Dated May 15, 1991
# 06515415 Dated May 15, 1991
# 06515414 Dated May 15, 1991
(See: Exhibit # 47 pages 1-10 Motion for Dismissal with prejudice filed
September 7, 2004)

19. Plaintiff Stewart Webb filed with the United States District Court
Federal Grand Jury Demand for Restraining Order on July 27, 2004 against
Kansas City, Missouri Defendants.
(See: Exhibit # 48 pages 1-14 Affidavit in Support of Motion for
Restraining Order and Permanent Injunction Filed July 28, 2004 case
number Criminal Case number Grand Jury Demand 95-Y-107 Denver
Colorado)
**This Exhibit #48 Serves as an Affidavit of Plaintiff Stewart A. Webb**
20. Plaintiff Stewart A. Webb was held illegally on false and erroneous
Federal Charges orchestrated and brought by Plaintiffs former-father-in-law
Leonard Millman, charges of threaten telephone calls on Sept. 18, 1991.
These false charges were dismissed on Aug 20, 1993.

(See: Exhibit # 2 Case # CR92-356 Dismissed with Prejudice Aug. 20, 1993)

(See: Exhibit # 3 S&L Whistle-blower faces federal charges Sept. 1992 Houston Chronicle Newspaper)

(See: Exhibit #4 U.S. Department of Justice psychological evaluation May 6, 1993)

The Plaintiff Stewart A. Webb had to hide for his life because of Federal reporting against Criminal Leonard Millman.

Otherwise the Plaintiff would have been in Kansas City Court Oct. 1991 to face the 6 traffic tickets that were falsely levied against the Plaintiff by pressure and Political poll from Millman association with George H. W. Bush.

Plaintiff made enough noise on Radio Talk Shows as a guest from 1991-1992 prior to Plaintiffs false arrest by Federal agents, that the Plaintiff was not killed.

The Plaintiff Stewart Webb while held by Federal Authorities in Federal Detention in Denver Colorado, was told that the Plaintiff could not be released until outstanding Kansas City Missouri Traffic warrants were dealt with.

(See: Exhibit # 3 S&L Whistle-blower faces federal charges Sept. 1992 Houston Chronicle Newspaper stating outstanding KCMO tickets)

**Plaintiff was told by Federal Assistant Public Defender Charles Szekley that he would notify Kansas City Police and Prosecutors that Plaintiff Stewart Webb was in federal detention and that if Kansas City, Missouri wanted to proceed with prosecution that the Feds were ready to transfer Plaintiff Stewart A. Webb to stand charges of these outstand six traffic violations stated here in this claim. Kansas City, Missouri according to Charles Szekley, stated they were dropping the charges against the Plaintiff Stewart A. Webb, otherwise Federal Detention would not have released the Plaintiff Stewart A. Webb.**

**On March 15, 2004 13 years later Plaintiff Stewart Webb was arrested by Independence, Missouri Police for outstanding 13 year old warrants of 6 tickets. The Plaintiff posted Bonds.**

### Affidavit of Plaintiff Stewart A. Webb in Support of Motion for Restraining Order and Permanent Injunction

December 7, 2004

TO: "mailto:Court@kcmo.org" Clerk Of The Court Kansas City, Missouri. Fax 816 513-3863

COPY TO: IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

CRIMINAL DIVISION CASE Number: 95-Y-107 Filed Feb. 27, 1995

U.S. District Judge Richard Matsch RE-Filed This Date: July 3, 2003

U.S. District Court Clerk 303 844-3433 Fax 303-335-2714

**This serves as an Affidavit of Stewart A. Webb in support of request for Restraining Order & Injunctive relief against Kansas City, Missouri Police, Kansas City Missouri Courts, Kansas City Judge Roach. Filed this day July 28, 2004 U.S. District Court for the District of Colorado Criminal case 95-Y-107 re filed July 3, 2004 and Temporary Restraining order filed July 7, 2004 Amended.**

4109 S. River Independence, Missouri 64055

816 478 3267

"http://www.stewwebb.com"

contact: "mailto:stewwebb@stewwebb.com"

**Under 18 U.S.C. 4 Federal Reporting Crimes Act this serves as notice a Crime has and is being committed by someone and person in Kansas City, Missouri Courts, Clerks, Police, Judges.**

**Further Notice this court under 28 U.S.C. 1361 Gives a citizen the right to obtain a Judicial Order Addressing Misconduct.**

**As evidenced this day of July 28, 2004.**

**Third Notice for Answers for Pending Charges, in Kansas City, Missouri.**

**Under 18 U.S.C. 4 Federal Reporting Crimes Act.** I am asking for direct answers.

Your answers will be submitted to proper Court & other authorities, your lack to answer will result in

charged that will be filed against you, addition "RICO".

Further as a defendant with illegal charges pending in your Kansas City, Missouri courts from 1991 traffic violations,

that were dismissed in 1993.

**I requested the following on July 22, 2004. first request and first answer by your clerks:**

see attached in this e-mail.

**I further requested the same answers on July 23, 2004, second request and second answer by your clerks:**

see attached in this e-mail.

**I have not received all the answer to my requests.**

**There are other pending charges, obviously you will or cannot answer.**

FIRST FOR THE RECORD: in 1991 these charges were filed against me as

part of a illegal

Racketeering to Obstruct Justice By Leonard Millman and George H. W. Bush using the Intel. Division

"Red Squads" of the KCMO Police, with Judge Roach & others unnamed.

**SECOND FOR THE RECORD:** In 1991 to further their racketeering against me Stewart A. Webb as a Federal Whistleblower protected at the time under the Nation Federal Whistleblower protection act, an illegal warrant was issued from the US Attorney in Denver a Partner of Leonard Millman my former father in law, an illegal Iran Contra money launderer. This warrant resulted in near death to me as a result of FBI, therefore I had to hide, otherwise I would have been to Kansas City Court and addressed the illegal tickets when scheduled in September and Oct. of 1991. Instead warrants were issued. In 1992 I was in Federal Detention Held Illegally as a Political Prisoner those charges were dropped with Prejudice after being held illegally for 101/2 months, by Federal Judge Richard Matsch. During the incarceration U.S. Public Defender Denver Charles Szekely informed me that I could not be released until the **6 tickets** in Kansas City were handled, and under law that they were going to put a request in to Kansas City, Missouri Police and Courts through proper channels to see if Kansas City wanted to either, transport me Stewart Webb to appear on these false charges or drop the charges. Kansas City replied that the charges would be dropped. I was told this by Asst. Public Defender Charles Szekely, and Bureau of Prison personnel, otherwise I could not be released from Federal Detention.

Obviously these Kansas City, Missouri charges/tickets were not dismissed. This is additional "RICO" and other Crimes against me (42 USC 1983--and more), Stewart Webb by Kansas City, Missouri. I was told they had been dismissed, because I was release by The United States District Court in Denver Judge Richard Matsch. And the Charges were dismissed in Aug. 20, 1993.

**The below tickets and harassment by Kansas City Missouri Police and The Courts over a 5 year period from 1986-1991 was direct violations of Federal and State Laws. Retaliation against a Federal Whistleblower using Government Employees to do Leonard Millman & George H. W. Bush's dirty tricks game and retaliations for the National Scandals and Crimes I Stewart Webb Exposed that Leonard Millman and George Bush were involved with, including George W. Bush.**

**Further your NCIC posting have been manipulated, falsified and in direct violations of Federal Laws. Additional "RICO".**

On March 15, 2004 I was arrested by Independence, Missouri Police for outstanding warrants by Kansas City, Missouri from 1991. The following are the tickets I was Bonded out on and are CURRENT BONDS.

Buckley Bonding Company Indepenendence, Missouri
First Bond for tickets: Bonded March 15, 2004 from Indep. Missouri Police Department Jail.
This Bond is Current with Court Date Scheduled Sept. 8, 2004 at 10am court H. Judge Roach.
First appearance on May 12, 2004 before Judge Roach court H, Judge Roach scheduled for Sept. 8, 2004.
Ticket number 06515415 issued May 15, 1991.
Ticket number 06515416 issued May 15, 1991.
Second Bond for tickets Bonded March 15, 2004 from Indep. Missouri Police Department Jail.
First appearance on May 24, 2004 10 am Court D. Judge Reed.
Ticket number 06548782 issued August 2, 1991.
Ticket number 06548320 issued August 2, 1991.
Ticket number 06548781 issued August 2, 1991.

_____

When I appeared before Judge Roach Court H on May 12, 2004 he scheduled the above 2 tickets
Ticket number 06515415 for Sept 8, 2004
Ticket number 06515415 for Sept 8, 2004
I further told Judge Roach these tickets had been dismissed in 1993, Roach stated they had not been, Roach was belligerent, rude and state he Judge Roach had 2 more tickets and warrants for my arrest. After I told Judge Roach A Federal Grand Jury Demand Dated July 3, 2004 had been requested regarding criminal activity of Kansas City, Missouri Police involving RICO against me Stewart A. Webb, from 1986-1991 had occurred and a copy was handed to Judge Roach informing him of this pending request. Judge Roach claimed I was in contempt of court and sentenced to 30 days in jail. Those charges were never levied, but I was arrest for the second time this year for the same tickets, I was and am on a Current Bond Dated March 15, 2004 through Buckley Bonding. This is A Violation of Law, and additional RICO, which false under the RICO Racketeering Influence and Corruption Organization Laws.
Those were ticket numbers 06548781 and ticket number 06548782, these

two tickets I posted a bond on March 15, 2004 with the Independence, Missouri Police to bail out of Jail, and was scheduled to appear on May 24, 2004 before Judge Reed Court D.

This means I Stewart Webb had to post a second bond for the same charges, I bonded out of Jail held by Kansas City, Missouri Police.

**This is ongoing Obstruction of Justice and Continuing "RICO" against me Stewart A. Webb a defendant in pending illegal traffic tickets by your Courts, from 1991.**

**I appeared on May 24, 2004 before Judge Reed and these 2 tickets were dismissed.**

First appearance on May 24, 2004 10 am Court D. Judge Reed.

When I appeared Judge Reed Court D, Judge Reed stated he only had 2 tickets not three.

Judge Reed dismissed the following 2 tickets.

Ticket number: 06548781 Dismissed By Judge Reed on May 24, 2004 Court D

Ticket number: 06548782 Dismissed By Judge Reed on May 24, 2004 Court D

---

## MY QUESTIONS TO YOU CLERKS OF THE COURTS??

1. WHO IS BEHIND THE MANIPULATIONS OF YOUR COMPUTERS NOT SHOWING THE BONDS AS STATED ABOVE??

2. SECOND QUESTION: SINCE THERE ARE 2 OTHER TICKETS WHICH I HAVE POSTED BONDS, IT IS UP
TO YOUR OFFICE TO DO YOUR DUTY. AND GET THIS INFORMATION UP TO DATE, IN YOUR COMPUTERS.

3. These 2 other tickets one was scheduled for May 24th before Judge Reed, he stated he only had 2, and dismissed those as stated above. One ticket was never heard, what date will this be herd and before whom?

4. It would be obvious to say that warrants are pending , even though I am out on Active Current Bonds through Buckley Bonding Company. Is this another attempt to falsely create an arrest me Stewart A. Webb?

5. I demand these warrants to be dropped immediately and Bonds to Continue, I further want the schedule for the 2 outstand tickets that one was schedule on May 24, 2004 the other on May 12, 2004.

6. I want this cleared up immediately, I further expect an answer to the above.

7. I want to know what has happened to the original $ 2,500.00 Two

Thousand Five Hundred Dollars in Bonds

that were posted in 1991 regarding the above tickets. Were these Bonds returned to the Bondsman????

Recently the Bonding Companies claim they were not returned. Who Keep the money???

8. Enclose as attached in this e-mail letter to Kansas City Missouri Court is a copy of

my current Federal Grand Jury demand for Restraining Order and Injunctive Relief against

Kansas City, Missouri Police and Kansas City, Missouri Court, and Judge Roach.

---

TO: "mailto:Court@kcmo.org"

TO: IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

CRIMINAL DIVISION CASE Number: 95-Y-107 Filed Feb. 27, 1995

U.S. District Judge Richard Matsch RE-Filed This Date: July 3, 2003

U.S. District Court Clerk 303 844-3433 Fax 303-335-2714

Further Evidence of Obstruction of Justice, Retaliation against Stewart A. Webb Federal Whistleblower

in Violations of 18 U.S.C. 1010, 1012, 1013, 1014, 1015.

A copy of this e-mail letter & notice to Kansas City Missouri Courts filed with the U.S. District Court Denver Colorado Case number 95-Y-107 re-filed July 3, 2003 and motion for restraining order Restraining Order & Permanent Injunction Relief filed July 7, 2004 Amended.

This Letter serves as an Affidavit of Stewart A. Webb Federal Whistleblower/ Vice Presidential Candidate

"http://www.stewwebb.com" "http://www.HeneghanWebb2004.com"

Contact: "mailto:stewwebb@stewwebb.com"

Under 18 U.S.C. 4 Federal Reporting Crimes Act this serves as notice a Crime has and is being committed by someone and person in Kansas City, Missouri Courts, Clerks, Police, Judges.

Further Notice this court under 28 U.S.C. 1361 Gives a citizen the right to obtain a Judicial Order Addressing Misconduct.

As evidenced this day of July 28, 2004.

Thank you I await your answers to this very serious issues.

Stewart Webb

Federal Whistleblower

"http://www.stewwebb.com"
contact: "mailto:stewwebb@stewwebb.com"

_____

First Request for information from KC Courts by Stewart Webb
July 22, 2004
To: Mr. Bernard E. Schneider "mailto:court@kcmo.org"
Court Administrator
Sixteenth Judicial Circuit Court of Missouri (Municipal Court)
Kansas City Missouri
Sent this date by email "mailto:court@kcmo.org"
I am in need of contact phone number and fax filing phone number.
Second in reference to pending traffic violations, I need the ticket numbers
you show in your records of pending charges. The court date and time and
the Judge. Further I need copies of May 12th 2004 Dismissals in Judge
Reeds Court.
I further need what you show pertaining to current bonds, and tickets.
It seems there is a mix up. I posted bonds 2 times and I was told you still
have your records messed up.
Please respond.
Stewart A. Webb 492 60 2726
Thank You
Stewart Webb
"mailto:stewwebb@stewwebb.com"
Attached Temp Restraining Order Amended Filed July 7, 2004

_____

Second Request for information from KC Courts by Stewart Webb
July 23, 2004
To the clerk of KCMO Court.
**Court@kcmo.org**
I asked for answers to the following enclosed.
Your response addressed only part of my legal request.
Please address and answer my questions.
See the enclosed request. (Second request)
Details of time and date of hearings for pending charges.
Do you show current bonds for these charges.
State ticket numbers and which charges are pending.
State your name for the record, to who this correspondence
is received by.

Stewart Webb Federal Whistleblower
Vice Presidential Candidate
www.stewwebb.com
stewwebb@stewwebb.com
Original Message:
Attached Temp Restraining Order Amended Filed July 7, 200

---

**ANSWER TO FIRST E-MAIL REQUEST BY STEWART WEBB OF
KANSAS CITY, MISSOURI MUNICIPAL COURT CLERK**

From: **<Court@kcmo.org>**

To: Stew Webb <stewwebb@sierranv.net>

Subject: **Re: Important**

Date: Fri, 23 Jul 2004 14:11:57 -0500

Subject: Re: Important
06515415 & 06515416 court date 09-08-04,10:00 room H
The ticket you wish to have a copy of the disposition you will need to
bring in $2 for a transcript fee to 1101 Locust
**ANSWER TO SECOND E-MAIL REQUEST BY STEWART WEBB
OF KANSAS CITY, MISSOURI MUNICIPAL COURT CLERK**

From: **<Court@kcmo.org>**

To: <stewwebb@sierranv.net>

Subject: **Re: Important**

Date: Wed, 28 Jul 2004 08:57:52 -0500

PENDING TICKETS: COURT DATE:
6515416- NO PROOF OF INSURANCE SEPTEMBER 8,2004,
10:00AM,ROOM H
6515415- DWI " "

**NO RECENT BOND SHOWING**

---

Kansas City, Missouri Police Department. (Unnamed co-conspirators)
Additional Yet Unnamed Defendants 1-5000 and Co-Conspirators

Defendants,

PETITION FOR TEMPORARY RESTRAINING
ORDER AND PERMANENT INJUNCTION

COMES NOW, Plaintiffs, Stewart A. Webb Federal Whistleblower a Vice
Presidential Candidate "http://www.heneghanwebb2004.com/",
"http://www.stewwebb.com/" and files this Petition for a Temporary
Restraining Order and Permanent Injunction and in support thereof, would
show the following:

1. Judge Roach Kansas City Municipal Judge is an adult resident citizen of
Kansas City, Missouri, County, of Jackson.

2. Kansas City, Missouri Police Department "Red Squads" unknown persons
is an adult resident citizen of Kansas City, Missouri County of Jackson.

3. Kansas City Missouri Police Department
1125 Locust, Kansas City, Missouri 64106

4. Board of Police Commissioners for Kansas City, Missouri
1125 Locust, Kansas City, Missouri 64106
acting in personal-individual capacity

5. Kansas City Missouri Police Officer L. Taylor Serial No: 3524 Unit SPD
(Taylor), acting in official capacity.

6. Kansas City Missouri Police Officer R. Stewart Serial No: 2795 Unit AIS

7. Kansas City Missouri Police Department Jailers unnamed
1125 Locust, Kansas City, Missouri 64106

8. Judge Roach 1101 Locust Court Room H, Kansas City, Missouri 64106

9. Kansas City, Missouri Municipal Prosecutors unnamed
1101 Locust, Kansas City, Missouri 64106,

10. United States Public Defenders Office
Assistant Public Defender Charles Szekely Denver, Colorado
633 17th Street Suite 1,000 Denver, Colorado 80202

1. Since the time that Plaintiff Stewart A. Webb re-filed for Motion to
present evidence before a Federal Grand Jury case # 95-Y-107 July 2. 2003,
Defendants Leonard Millman (Deceased Nov 2003) and George W. Bush
White House Occupant, have knowingly and willfully have engaged in a
pattern of conduct of threatening and harassing Plaintiff Stewart Webb and
Plaintiff's Witnesses Presidential Candidate Thomas Heneghan and former
Vice President/The Duly Elected None Inaugurated President of The United

States Of America Albert Gore Jr. Specifically, False arrests of Stewart Webb and false arrests of Tom Heneghan's partner. Defendant's goon's have threatened to kill Stewart Webb, Thomas Heneghan, and Albert Gore Jr. Defendants are illegally wiretapping the telephones of the Former Vice President Al Gore Jr. and are illegally wiretapping the Telephone of Presidential Candidate Thomas Heneghan and Vice Presidential Candidate Stewart Webb.

3. George W. Bush, the Denver FBI, Leonard Millman prior to his death and others have engaged in illegal activity, of harassment, death threats, telephone harassment, internet harassment, death threats by telephone communications against witnesses of the Plaintiff Stewart Webb. Some of these witnesses include Albert Gore Jr., Thomas Heneghan, Radio Talk Show Host Jeremy Floyd, Prophetess Linda Newkirk and others. Many witnesses are unnamed at this time. Some of these threats were done by the above named co-conspirators, Timothy White, Larry Lawson, Ted L. Gunderson, Brenda Negri, and others for and in behalf of George W. Bush, George H.W. Bush, Narcotics Money Launderer Leonard Yale Millman and Elaine Ruth Millman of Denver, Colorado.

4. Municipal Court Judge Roach of Kansas City Missouri has engaged in illegal activity, Obstruction of Justice and "RICO" against the Plaintiff Stewart A. Webb pertain to traffic ticket charges that were dismissed while the Plaintiff was held as a Political Prisoner in Denver Federal Detention from Sept 1992-July 1993. The Charges the defendant was held on that were levied by Leonard Millman were dismissed with Prejudice Aug 20, 1993 by Federal Judge Richard Matsch. Roach has acted as a C0-Conspirator in "RICO" against Plaintiff Stewart Webb on May 12th 2004.

5. The Plaintiff Stewart Webb Re-filled a Motion to Present Evidence and Witnesses before a Federal Grand July on July 3, 2003. The evidence would show RICO, TREASON, ECONOMIC PLUNDER, NARCOTICS TRAFFICKING INTO THE UNITED STATES AND MONEY LAUNDERING THEREOF, SECURITIES FRAUD, BANK LOAN FRAUD, FALSE CLAIMS AGAINST THE UNITED STATES OF AMERICA, GOVERNMENT CONTRACT FRAUDS, HUD FRAUDS, AND OTHER HIGH CRIMES, AND FELONIES, INCLUDING MURDER, ATTEMPTED MURDER, BLACKMAIL OF US CONGRESSMAN AND US SENATORS. THAT THE NAMED DEFENDANT'S WERE INVOLVED.

TO THIS DATE JULY 6, 2004 THE PLAINTIFF AND PLAINTIFF'S WITNESSES HAS BEEN DENIED THE OPPORTUNITY TO PRESENT

EVIDENCE AND TESTIMONY BEFORE A FEDERAL GRAND JURY...WHY???? AND MOTION TO PRESENT WAS MADE ON JULY 6TH, 2003....

6. As the proximate and foreseeable result of irrational, hostile, abusive and threatening conduct, and their intent and apparent ability to carry out the threats made by George W. Bush, Richard Cheney, George H.W. Bush. John Ashcroft, Donald Rumsfeld and others, who have murdered, raped, kidnapped, and illegally arrested and jailed Whistleblowers and Informants are in fear for their safety.

WHEREFORE, Plaintiffs Stewart A. Webb and Witnesses Presidential Candidate Thomas G. Heneghan and Former Vice President Albert Gore Jr. The Duly Elected and None Inaugurated President Of The United States Of America., request that this Court enter a Temporary Restraining Order against the above named defendant's and C0-Conspirators prohibiting them from contacting The Plaintiff Stewart Webb or any of his named or unnamed witnesses, by telephone, letter, or by any other means or method of communication and prohibiting them from coming to within 1000 Yards of the Plaintiffs Home or the Plaintiff's witnesses homes and/or place of business or otherwise coming within five hundred (100) yards of or any employee thereof.

MOTION FOR PERMANENT INJUNCTION

5. Stewart Webb, Thomas Heneghan, Albert Gore Jr. and other Grand Jury witnesses, including Linda Newkirk, Jeremy Floyd and other unnamed witnesses incorporate herein by reference the allegations contained in Paragraphs 1 through 6 above.

6. Plaintiff Stewart A. Webb and Plaintiffs witnesses Thomas Heneghan and Albert Gore request that the Temporary Restraining Order remain in effect until such time as a hearing can be had on the merits of this cause, at which time that a Permanent Injunction be issued prohibiting any contact between the parties on a permanent basis.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF Stewart A. Webb pray for the following relief:

A. A Temporary Restraining Order prohibiting the above named and unnamed persons from contacting Plaintiff Stewart Webb, and Witnesses Thomas Heneghan or Witness former Vice President Albert Gore Jr., and either of their employers; and

B. A Permanent Injunction prohibiting any contact between the parties on a permanent basis; and

C. Other such relief as the Court deems just and equitable.

DATED this the 7th day of December 2004.
Respectfully submitted,
Stewart A. Webb

_____

STATE OF Missouri
COUNTY OF Jackson
CERTIFICATE OF SERVICE
I, Stewart A. Webb, do hereby certify that I have requested that this Court
order United States Marshals to serve the Defendant's due to the nature of
this case Involving Treason and attempted murder:
DATED this the 7th day December 2004.
Signed
December 7,2004

Stewart A. Webb

## Plaintiff to support a Civil Claim under the
## Racketeering Influenced and Corrupt Organization Act (RICO)

Plaintiff incorporates by reference all prior allegations in this Complaint as
if set forth fully herein at length.

Plaintiff asserts and will produce at trial, bona fide evidence showing
Defendants have engaged in a long "pattern of criminal activity" and on-
going pattern of "criminal obstruction of justice" constituting continual,
long-term criminal modus operandi that have the same or similar purposes,
results, participants, and victims and the threat of continuing activity,
interrelated by distinguishing characteristics.

Plaintiff will establish a prima facie case under the RICO Act and due to his
"standing" and the courage to put a halt to this destructive course of
Defendants.

The following "patterns of criminal activity" and "obstruction of justice"
based upon Defendants and their will set the foundation for this RICO
claim.

Plaintiff, through the assistance of former federal employees as with the

attached sworn affidavit of Plaintiff Stewart Webb will establish through discovery and trial testimony the critical ties between Kansas City, Missouri Defendants and Leonard Millman-Bush families to provide the foundation to support this cause of action and specifically this RICO Act claim. The bottom-line sinister fact to support Plaintiff's Complaint and assertions in his Affidavit.

Plaintiff will prove Defendants have engaged in both intentional and deliberate violations of the RICO Act and the following are several examples of a long train of abuses directly by Defendant United States of America and specifically Leonard Millman and the Bush Family:

Plaintiff believes it is noteworthy to close this RICO Act Count with the observations of Canadian social philosopher John McMurtry:
"To begin with, the forensic principle of 'who most benefits from the crime?' clearly points in the direction of the Bush administration. . .The more you review the connections and the sweeping lapse of security across so many coordinates, the more the lines point backwards [to the White House]."

## IV.
## CAUSES OF ACTION
### First Cause of Action
### (42 U.S.C. 1983)

Officer R. Stewart, and /or Kansas City Missouri Police
Violated Plaintiff Stewart A. Webb's constitutional rights pursuant to the Fourth and Fourteenth Amendments by subjecting Plaintiff to an unreasonable search and seizure without a warrant or probable cause with use of excessive force causing Plaintiff Stewart A. Webb damages as described herein for which Officer R. Stewart and /or Kansas City Missouri Police are liable pursuant to 42 U.S.C. 1983.
Plaintiff Stewart A. Webb is further entitled to be awarded attorney's fees as part of costs of suit pursuant to 42 U.S.C. 1988, if Plaintiff hires an Attorney.

### Second Cause of Action
### (Negligence)

Officer R. Stewart negligently caused Plaintiff Stewart A. Webb damages as

described herein.

If Officer R. Stewart was acting within the scope of his employment with Kansas City, Missouri Police and was not acting wantonly, then Kansas City, Missouri Police is jointly and severally liable for the damages caused Plaintiff Stewart A. Webb by the negligent actions of Officer R. Stewart under the doctrine of respondeat superior.

## Third Cause of Action
### (False Arrest and Imprisonment)

Officer R. Stewart falsely arrested and imprisoned Plaintiff Stewart A. Webb for Operating a Motor vehicle upon a public street without, Operates motor vehicle upon a public street when his privilege to do so was revoked, Operate a motor vehicle while under the influence of intoxicating liquor as described herein.

If officer R. Stewart was acting within the scope of his employment with Kansas City, Missouri Police and was not acting wantonly, then Kansas City, Missouri Police is jointly and severally liable with Officer R. Stewart for the damages caused by Officer R. Stewart by the false arrest and imprisonment of Plaintiff Stewart A. Webb under the doctrine of respondeat superior.

## Fourth Cause of Action
### (Malicious Prosecution)

Officer R. Stewart maliciously has tried to prosecute Plaintiff Stewart A. Webb with lack of probable cause (no evidence), by holding over these charges as described herein after telling Federal Authorities these charges were being dropped in 1993, while Plaintiff was in Federal Custody.

If Officer R. Stewart was acting within the scope of his employment with Kansas City, Missouri Police and was not acting wantonly, then Kansas City, Missouri Police is jointly and severally liable with Office R. Stewart for the damages caused by Officer R. Stewart by the malicious prosecution of Plaintiff Stewart A. Webb under the doctrine of respondeat superior.

## Fifth Cause of Action
### (Intentional Infliction of Emotional Distress)

Officer R. Stewart intentionally inflicted emotional distress upon Plaintiff

Stewart A. Webb by acts which would be considered outrageous to the average member of society causing Plaintiff Stewart A. Webb severe emotional distress all to his damage in an amount in excess of $250,000.00. If Officer R. Stewart was acting within the scope of his employment with Kansas City, Missouri Police and was not acting wantonly, then Kansas City, Missouri Police is jointly and severally liable with Officer R. Stewart for the damages caused by Officer R. Stewart by the intentional infliction of emotional distress upon Plaintiff Stewart A. Webb under the doctrine of respondeat superior.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### First Cause of Action
### (42 U.S.C. 1983)

A declaration that Plaintiffs constitutional rights were violated.
Special damages from Officer R. Stewart and/ or Kansas City, Missouri Police jointly and severally, to Plaintiff Stewart A. Webb in an amount of $2,500.00 for Bonds not returned to Bondsman when charges were reportedly dropped in 1993.
Special damages from Officer R. Stewart and/ or Kansas City, Missouri Police jointly and severally, to Plaintiff Stewart A. Webb in an amount of costs for Bonds on March 15, 2004 and May 12, 2004.
Special damages for impound fee and damages to Plaintiff vehicle and stolen items from Plaintiff vehicle $480.00.
General Damages from Officer R. Stewart and or Kansas City Missouri Police jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $1,000,000.00.
Punitive damages from Officer R. Stewart to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00 each.
Attorney's fees and costs of suit if Plaintiff hires an attorney.
For such other and further relief as this court deems just, equitable and proper under the circumstances.

### Second Cause of Action
### (Negligence)

Special damages from Officer R. Stewart and/ or Kansas City, Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount of
Costs for Bonds on March 15, 2004 and May 12, 2004.
Special damages for impound fee and damages to Plaintiff vehicle and
stolen items from Plaintiff vehicle $480.00.
General Damages from Officer R. Stewart and or Kansas City Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount in
excess of $1,000,000.00.
Punitive damages from Officer R. Stewart to Plaintiff Stewart A. Webb in an
amount in excess of $10,000.00 each.
Costs of suit.
For such other and further relief as this court deems just, equitable and
proper under the circumstances.

### Third Cause of Action
### (False Arrest and Imprisonment)

Special damages from Officer R. Stewart and/ or Kansas City, Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount of
Costs for Bonds on March 15, 2004 and May 12, 2004.
Special damages for impound fee and damages to Plaintiff vehicle and
stolen items from Plaintiff vehicle $480.00.
General Damages from Officer R. Stewart and or Kansas City Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount in
excess of $1,000,000.00.
Punitive damages from Officer R. Stewart to Plaintiff Stewart A. Webb in an
amount in excess of $10,000.00 each.
Costs of suit.
For such other and further relief as this court deems just, equitable and
proper under the circumstances.

### Fourth Cause of Action
### (Malicious Prosecution)

General damages from Officer R. Stewart and /or Kansas City, Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount in
excess of $250,000.00.
Punitive damages from Officer R. Stewart to Plaintiff Stewart A. Webb in an
amount in excess of $10,000.00.

Costs of suit.
For such other and further relief as this court deems just, equitable and proper under the circumstances.

## Fifth Cause of Action
### (Intentional Infliction of Emotional Distress)

General damages from Officer R. Stewart and or Kansas City, Missouri Police, jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $250,000.00.
Punitive damages from Officer R. Stewart to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00.
For such other and further relief as this Court deems just, equitable and proper under the circumstances.

## VI.
## CAUSES OF ACTION
### First Cause of Action
### (42 U.S.C. 1983)

Officer L. Taylor, and /or Kansas City Missouri Police
violated Plaintiff Stewart A. Webb's constitutional rights pursuant to the Fourth and Fourteenth Amendments by subjecting Plaintiff to an unreasonable search and seizure without a warrant or probable cause with use of excessive force causing Plaintiff Stewart A. Webb damages as described herein for which Officer L. Taylor and /or Kansas City Missouri Police are liable pursuant to 42 U.S.C. 1983.
Plaintiff Stewart A. Webb is further entitled to be awarded attorney's fees as part of costs of suit pursuant to 42 U.S.C. 1988, if Plaintiff hires an Attorney.

## Second Cause of Action
### (Negligence)

Officer L. Taylor negligently caused Plaintiff Stewart A. Webb damages as described herein.
If Officer L. Taylor was acting within the scope of his employment with Kansas City, Missouri Police and was not acting wantonly, then Kansas City, Missouri Police is jointly and severally liable for the damages caused Plaintiff Stewart A. Webb by the negligent actions of Officer L. Taylor

under the doctrine of <u>respondeat superior.</u>

### Third Cause of Action
### (False Arrest and Imprisonment)

Officer L. Taylor falsely arrested and imprisoned Plaintiff Stewart A. Webb for Careless driving, Operates motor vehicle upon a public street when his privilege to do so was revoked, Operate a motor vehicle while under the influence of intoxicating liquor as described herein.
If Officer L. Taylor was acting within the scope of his employment with Kansas City, Missouri Police and was not acting wantonly, then Kansas City, Missouri Police is jointly and severally liable with Officer L. Taylor for the damages caused by Officer L. Taylor by the false arrest and imprisonment of Plaintiff Stewart A. Webb under the doctrine of <u>respondeat superior.</u>

### Fourth Cause of Action
### (Malicious Prosecution)

Officer L. Taylor maliciously has tried to prosecute Plaintiff Stewart A. Webb with lack of probable cause (no evidence), by holding over these charges as described herein after telling Federal Authorities these charges were being dropped in 1993, while Plaintiff was in Federal Custody.
If Officer L. Taylor was acting within the scope of his employment with Kansas City, Missouri Police and was not acting wantonly, then Kansas City, Missouri Police is jointly and severally liable with Officer L. Taylor for the damages caused by Officer L. Taylor by the malicious prosecution of Plaintiff Stewart A. Webb under the doctrine of <u>respondeat superior.</u>

### Fifth Cause of Action
### (Intentional Infliction of Emotional Distress)

Officer L. Taylor intentionally inflicted emotional distress upon Plaintiff Stewart A. Webb by acts, which would be considered outrageous to the average member of society causing Plaintiff Stewart A. Webb severe emotional distress all to his damage in an amount in excess of $250,000.00.
If Officer L. Taylor was acting within the scope of his employment with Kansas City, Missouri Police and was not acting wantonly, then Kansas City, Missouri Police is jointly and severally liable with Officer L. Taylor

General Damages from Officer L. Taylor and or Kansas City Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount in
excess of $1,000,000.00.

Punitive damages from Officer L. Taylor to Plaintiff Stewart A. Webb in an
amount in excess of $10,000.00 each.

Costs of suit.

For such other and further relief as this court deems just, equitable and
proper under the circumstances.

### Third Cause of Action
### (False Arrest and Imprisonment)

Special damages from Officer L. Taylor and/ or Kansas City, Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount of
Costs for Bonds on March 15, 2004 and May 12, 2004.

Special damages for impound fee and damages to Plaintiff vehicle and
stolen items from Plaintiff vehicle $280.00.

General Damages from Officer L. Taylor and or Kansas City Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount in
excess of $1,000,000.00.

Punitive damages from Officer L. Taylor to Plaintiff Stewart A. Webb in an
amount in excess of $10,000.00 each.

Costs of suit.

For such other and further relief as this court deems just, equitable and
proper under the circumstances.

### Fourth Cause of Action
### (Malicious Prosecution)

General damages from Officer L. Taylor and /or Kansas City, Missouri
Police jointly and severally, to Plaintiff Stewart A. Webb in an amount in
excess of $250,000.00.

Punitive damages from Officer L. Taylor to Plaintiff Stewart A. Webb in an
amount in excess of $10,000.00.

Costs of suit.

For such other and further relief as this court deems just, equitable and
proper under the circumstances.

### Fifth Cause of Action

## (Intentional Infliction of Emotional Distress)

General damages from Officer L. Taylor and or Kansas City, Missouri Police, jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $250,000.00.
Punitive damages from Officer L. Taylor to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00.
For such other and further relief as this Court deems just, equitable and proper under the circumstances.

"To begin with, the forensic principle of 'who most benefits from the crime?' clearly points in the direction of the Bush administration . . .The more you review the connections and the sweeping lapse of security across so many coordinates, the more the lines point backwards [to the White House]."

## VIII.
## CAUSES OF ACTION
### First Cause of Action
### (42 U.S.C. 1983)

Kansas City Municipal Judge Roach, violated Plaintiff Stewart A. Webb's constitutional rights pursuant to the Fourth and Fourteenth Amendments by subjecting Plaintiff to an unreasonable search and seizure without a warrant or probable cause with use of excessive force causing Plaintiff Stewart A. Webb damages as described herein for which Kansas City Municipal Judge Roach, are liable pursuant to 42 U.S.C. 1983.
Plaintiff Stewart A. Webb is further entitled to be awarded attorney's fees as part of costs of suit pursuant to 42 U.S.C. 1988, if Plaintiff hires an Attorney.

### Second Cause of Action
### (Negligence)

Kansas City Municipal Judge Roach, negligently caused Plaintiff Stewart A. Webb damages as described herein.
Kansas City Municipal Judge Roach, was acting within the scope of his employment with Kansas City, Missouri and was not acting wantonly, then Kansas City, Missouri is jointly and severally liable for the damages caused Plaintiff Stewart A. Webb by the negligent actions of Kansas City Municipal

Judge Roach, under the doctrine of <u>respondeat superior.</u>

## Third Cause of Action
## (False Arrest and Imprisonment)

Kansas City Municipal Judge Roach, falsely arrested and imprisoned Plaintiff Stewart A. Webb for false arrest when Plaintiff was already out on Bond, as described herein.

Kansas City Municipal Judge Roach, was acting within the scope of his employment with Kansas City, Missouri and was not acting wantonly, then Kansas City, Missouri is jointly and severally liable with Kansas City Municipal Judge Roach, for the damages caused by Kansas City Municipal Judge Roach, by the false arrest and imprisonment of Plaintiff Stewart A. Webb under the doctrine of <u>respondeat superior.</u>

## Fourth Cause of Action
## (Malicious Prosecution)

Kansas City Municipal Judge Roach, maliciously has tried to prosecute Plaintiff Stewart A. Webb with lack of probable cause (no evidence), by holding over these charges as described herein after telling Federal Authorities these charges were being dropped in 1993, while Plaintiff was in Federal Custody.

If Kansas City Municipal Judge Roach, was acting within the scope of his employment with Kansas City, Missouri and was not acting wantonly, then Kansas City, Missouri is jointly and severally liable with Kansas City Municipal Judge Roach, for the damages caused by Kansas City Municipal Judge Roach, by the malicious prosecution of Plaintiff Stewart A. Webb under the doctrine of <u>respondeat superior.</u>

## Fifth Cause of Action
## (Intentional Infliction of Emotional Distress)

Kansas City Municipal Judge Roach, intentionally inflicted emotional distress upon Plaintiff Stewart A. Webb by acts which would be considered outrageous to the average member of society causing Plaintiff Stewart A. Webb severe emotional distress all to his damage in an amount in excess of $250,000.00.

If Kansas City Municipal Judge Roach, was acting within the scope of his

employment with Kansas City, Missouri and was not acting wantonly, then Kansas City, Missouri is jointly and severally liable with Kansas City Municipal Judge Roach, for the damages caused by Kansas City Municipal Judge Roach, by the intentional infliction of emotional distress upon Plaintiff Stewart A. Webb under the doctrine of respondeat superior.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### First Cause of Action
### (42 U.S.C. 1983)

A declaration that Plaintiffs constitutional rights were violated.
Special damages from Kansas City Municipal Judge Roach, and/ or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount of
$2,500.00 for Bonds not returned to Bondsman when charges were reportedly dropped in 1993.
Special damages from Kansas City Municipal Judge Roach, and/ or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount of costs for Bonds on March 15, 2004 and May 12, 2004.
Special damages for impound fee and damages to Plaintiff vehicle and stolen items from Plaintiff vehicle $480.00.
General Damages from Kansas City Municipal Judge Roach, and or Kansas City Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $1,000,000.00.
Punitive damages from Kansas City Municipal Judge Roach, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00 each.
Attorney's fees and costs of suit if Plaintiff hires an attorney.
For such other and further relief as this court deems just, equitable and proper under the circumstances.

### Second Cause of Action
### (Negligence)

Special damages from Kansas City Municipal Judge Roach, and/ or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an

amount of costs for Bonds on March 15, 2004 and May 12, 2004.

Special damages for impound fee and damages to Plaintiff vehicle and stolen items from Plaintiff vehicle $480.00.

General Damages from Kansas City Municipal Judge Roach, and or Kansas City Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $1,000,000.00.

Punitive damages from Kansas City Municipal Judge Roach, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00 each.

Costs of suit.

For such other and further relief as this court deems just, equitable and proper under the circumstances.

### Third Cause of Action
### (False Arrest and Imprisonment)

Special damages from Kansas City Municipal Judge Roach, and/ or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount of costs for Bonds on March 15, 2004 and May 12, 2004.

Special damages for impound fee and damages to Plaintiff vehicle and stolen items from Plaintiff vehicle $480.00.

General Damages from Kansas City Municipal Judge Roach, and or Kansas City Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $1,000,000.00.

Punitive damages from Kansas City Municipal Judge Roach, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00 each.

Costs of suit.

For such other and further relief as this court deems just, equitable and proper under the circumstances.

### Fourth Cause of Action
### (Malicious Prosecution)

General damages from Kansas City Municipal Judge Roach, and /or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $250,000.00.

Punitive damages from Kansas City Municipal Judge Roach, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00.

Costs of suit.

For such other and further relief as this court deems just, equitable and proper under the circumstances.

## Fifth Cause of Action
### (Intentional Infliction of Emotional Distress)

General damages from Kansas City Municipal Judge Roach, and or Kansas City, Missouri, jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $250,000.00.

Punitive damages from Kansas City Municipal Judge Roach, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00.

For such other and further relief as this Court deems just, equitable and proper under the circumstances.

## X.
## CAUSES OF ACTION
### First Cause of Action
### (42 U.S.C. 1983)

Kansas City, Missouri Prosecutors unnamed, violated Plaintiff Stewart A. Webb's constitutional rights pursuant to the Fourth and Fourteenth Amendments by subjecting Plaintiff to an unreasonable search and seizure without a warrant or probable cause with use of excessive force causing Plaintiff Stewart A. Webb damages as described herein for which Kansas City, Missouri Prosecutors unnamed, are liable pursuant to 42 U.S.C. 1983.

Plaintiff Stewart A. Webb is further entitled to be awarded attorney's fees as part of costs of suit pursuant to 42 U.S.C. 1988, if Plaintiff hires an Attorney.

### Second Cause of Action
### (Negligence)

Kansas City, Missouri Prosecutors unnamed, negligently caused Plaintiff Stewart A. Webb damages as described herein.

Kansas City, Missouri Prosecutors unnamed, was acting within the scope of his employment with Kansas City, Missouri and was not acting wantonly, then Kansas City, Missouri is jointly and severally liable for the damages caused Plaintiff Stewart A. Webb by the negligent actions of

Kansas City, Missouri Prosecutors unnamed, under the doctrine of
respondeat superior.

## Third Cause of Action
### (False Arrest and Imprisonment)


Kansas City, Missouri Prosecutors unnamed, falsely arrested and
imprisoned Plaintiff Stewart A. Webb for false arrest when Plaintiff was
already out on Bond, as described herein.
Kansas City, Missouri Prosecutors unnamed, was acting within the scope of
his employment with Kansas City, Missouri and was not acting wantonly,
then Kansas City, Missouri is jointly and severally liable with
Kansas City, Missouri Prosecutors unnamed, for the damages caused by
Kansas City, Missouri Prosecutors unnamed, by the false arrest and
imprisonment of Plaintiff Stewart A. Webb under the doctrine of respondeat
superior.

## Fourth Cause of Action
### (Malicious Prosecution)


Kansas City, Missouri Prosecutors unnamed, maliciously has tried to
prosecute Plaintiff Stewart A. Webb with lack of probable cause (no
evidence), by holding over these charges as described herein after telling
Federal Authorities these charges were being dropped in 1993, while
Plaintiff was in Federal Custody.
 Kansas City, Missouri Prosecutors unnamed, was acting within the scope of
his employment with Kansas City, Missouri and was not acting wantonly,
then Kansas City, Missouri  is jointly and severally liable with
Kansas City, Missouri Prosecutors unnamed, for the damages caused by
Kansas City, Missouri Prosecutors unnamed, by the malicious prosecution
of Plaintiff Stewart A. Webb under the doctrine of respondeat superior.

## Fifth Cause of Action
### (Intentional Infliction of Emotional Distress)


Kansas City, Missouri Prosecutors unnamed, intentionally inflicted

emotional distress upon Plaintiff Stewart A. Webb by acts which would be considered outrageous to the average member of society causing Plaintiff Stewart A. Webb severe emotional distress all to his damage in an amount in excess of $250,000.00.

Kansas City, Missouri Prosecutors unnamed, was acting within the scope of his employment with Kansas City, Missouri and was not acting wantonly, then Kansas City, Missouri is jointly and severally liable with Kansas City, Missouri Prosecutors unnamed, for the damages caused by Kansas City, Missouri Prosecutors unnamed, by the intentional infliction of emotional distress upon Plaintiff Stewart A. Webb under the doctrine of respondeat superior.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### First Cause of Action
### (42 U.S.C. 1983)

A declaration that Plaintiffs constitutional rights were violated.

Special damages from Kansas City, Missouri Prosecutors unnamed, and/ or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount of $2,500.00 for Bonds not returned to Bondsman when charges were reportedly dropped in 1993.

Special damages from Kansas City, Missouri Prosecutors unnamed, and/ or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount of costs for Bonds on March 15, 2004 and May 12, 2004.

Special damages for impound fee and damages to Plaintiff vehicle and stolen items from Plaintiff vehicle $480.00.

General Damages from Kansas City, Missouri Prosecutors unnamed, and or Kansas City Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $1,000,000.00.

Punitive damages from Kansas City, Missouri Prosecutors unnamed, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00 each.

Attorney's fees and costs of suit if Plaintiff hires an attorney.

For such other and further relief as this court deems just, equitable and proper under the circumstances.

## Second Cause of Action
### (Negligence)

Special damages from Kansas City, Missouri Prosecutors unnamed, and/ or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount of costs for Bonds on March 15, 2004 and May 12, 2004.
Special damages for impound fee and damages to Plaintiff vehicle and stolen items from Plaintiff vehicle $480.00.
General Damages from Kansas City, Missouri Prosecutors unnamed, and or Kansas City Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $1,000,000.00.
Punitive damages from Kansas City, Missouri Prosecutors unnamed, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00 each.
Costs of suit.
For such other and further relief as this court deems just, equitable and proper under the circumstances.

## Third Cause of Action
### (False Arrest and Imprisonment)
Special damages from
Kansas City, Missouri Prosecutors unnamed, and/ or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount of costs for Bonds on March 15, 2004 and May 12, 2004.
Special damages for impound fee and damages to Plaintiff vehicle and stolen items from Plaintiff vehicle $480.00.
General Damages from Kansas City, Missouri Prosecutors unnamed, and or Kansas City Missouri jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $1,000,000.00.
Punitive damages from Kansas City, Missouri Prosecutors unnamed, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00 each.
Costs of suit.
For such other and further relief as this court deems just, equitable and proper under the circumstances.

## Fourth Cause of Action
### (Malicious Prosecution)

General damages from Kansas City, Missouri Prosecutors unnamed, and /or Kansas City, Missouri jointly and severally, to Plaintiff Stewart A. Webb in

an amount in excess of $250,000.00.
Punitive damages from Kansas City, Missouri Prosecutors unnamed, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00.
Costs of suit.
For such other and further relief as this court deems just, equitable and proper under the circumstances.

### Fifth Cause of Action
### (Intentional Infliction of Emotional Distress)

General damages from Kansas City, Missouri Prosecutors unnamed, and or Kansas City, Missouri, jointly and severally, to Plaintiff Stewart A. Webb in an amount in excess of $250,000.00.
Punitive damages from Kansas City, Missouri Prosecutors unnamed, to Plaintiff Stewart A. Webb in an amount in excess of $10,000.00.

### ADDITIONAL REQUESTED RELIEF
**WHEREFORE,** Plaintiff, Stewart Webb Pro Se, prays this Honorable Court will grant judgment against Defendants as hereinafter and above set forth:
For general damages in an amount according to proof at trial;
For economic damages according to proof at trial;
For property damage and loss of use of property according to proof at trial;
For transportation, and related expenses according to proof;
For punitive damage and all treble damages based on compensatory damages per RICO statute as allowed by law according to proof;
For prejudgment interest as allowed by law;
For all compensatory damages for pain and suffering, etc;
For all costs of suit, including attorney fees, investigators and other related fees and costs pursuant to 42 U.S.C. § 1988 or/and the Private Attorney General Act according to proof incurred herein;
For all special damages in the amount of $1,000,000.00 each according to proof; and
For such other and further extraordinary declaratory and injunctive relief as this Honorable Court may deem just and proper on behalf of Plaintiff and others similarly situated and to preserve the United States Constitution.
For such other and further relief as this Court deems just, equitable and proper under the circumstances.
For such other and further extraordinary declaratory and injunctive relief as

this Honorable Court may deem just and proper on behalf of Plaintiff done by Assistant Public Defender Charles Szekley of Denver Colorado.
For such other and further relief as this Court deems just, equitable and proper under the circumstances of Prosecutors, Judges, Police, acting and conducting Malicious Prosecution Acted in Bad Faith.
Defendants failure to act in Good Faith, instead acted in Bad Faith and Maliciously attempt to Prosecute Plaintiff after 6 traffic ticket charges had been agreed upon to be dropped while Plaintiff was in Federal Custody and then Defendants Conspired to caused Plaintiff un-imaginable mental, emotional, physical and financial injury.


Stewart A. Webb is the Plaintiff Pro Se, first duly sworn, deposes and says:
That Plaintiff is the above-entitled-matter-complaint and knows the contents thereof; that the same is true to best of Plaintiffs knowledge except as to those matters therein stated in information and belief and, as those matters, he believes them to be true.
DATED this 7th day of December 2004.


Stewart A. Webb Plaintiff Pro Se,
816 478-3267
Mail: C/O
4109 S. River
Independence, MO 64055
stewwebb@sierranv.net
www.stewwebb.com